Kevin S. Conlogue (SBN 285277)
(LACivilRightsLawyer@gmail.com)
THE LAW OFFICE OF KEVIN S. CONLOGUE
1180 S. Beverly Drive, #610
Los Angeles, CA 90035
Telephone: (213) 255-8837
Facsimile:  (213) 477-2069

Attorney for Plaintiff
MICHAEL FOLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FOLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF ANAHEIM; OFFICER CROMER; and, DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>1) **Unreasonable Search and Seizure-Detention and Arrest (42 U.S.C. § 1983)**<br>2) **Unreasonable Search and Seizure-Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)**<br>3) **Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)**<br>4) **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>5) **Battery**<br>6) **Intentional Infliction of Emotional Distress**<br>7) **Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

1

COMES NOW, Plaintiff, MICHAEL FOLEY, for his claims against Defendants, CITY OF ANAHEIM, OFFICER CROMER, and, DOES 1 through 25, inclusive, and each of them, complains and alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the July 5, 2016 encounter between Defendants and Plaintiff.

## PARTIES

2.       At all relevant times, Plaintiff MICHAEL FOLEY ("Plaintiff") was a resident of the City of Anaheim, California.

3.       At all relevant times, Defendant CITY OF ANAHEIM  ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants OFFICER CROMER ("CROMER"), and DOES 1 through 15 ("DOE OFFICERS"), who were CITY Police Officers, and DOES 16 through 25 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department.

4.       At all relevant times, Defendants CROMER and DOES 1 through 25, inclusive, and each of them, were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as Police Officers and with the complete authority and ratification of their principal, Defendant CITY, which is additionally liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

5.       At all times relevant, Defendants CROMER and DOES 1 through 25, inclusive, and each of them, were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non elected officials.

## COMPLAINT FOR DAMAGES
2

6.      At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

7.      The true names of defendants DOES 1 through 25, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

8.      In doing the acts and failing and omitting to act as hereinafter described, Defendants CROMER and DOES 1 through 25, inclusive, and each of them, were acting on the implied and actual permission and consent of CITY.

9.      Prior to the commencement of this action, Plaintiff presented a government tort claim with CITY in full and timely compliance with the California Tort Claim Act. Said claim has been denied by operation of law by CITY. Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with CITY.

## JURISDICTION AND VENUE

10.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the City of Anaheim, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

COMPLAINT FOR DAMAGES

3

13.     On or about July 5, 2016, Defendants CROMER and DOES 1 through 25, inclusive, and each of them, detained and arrested Plaintiff without reasonable suspicion, probable cause, or other legal justification while Plaintiff was located at 1603 S. Calle del Sol, Anaheim, California.  At some point, Defendants unlawfully took Plaintiff into custody to the Anaheim Police Station, and while there, Defendants violently threw Plaintiff to the ground, and Defendants proceeded to kick, punch, and strike Plaintiff while he was on the ground.  At all relevant times, Plaintiff was unarmed and never posed a threat to anyone.

14.     After Plaintiff was violently assaulted and injured, Defendants fabricated a false account of the incident in an attempt to cover up and to justify their conduct.

15.     After Plaintiff was severely injured by Defendants' acts and omissions, Defendants intentionally delayed providing Plaintiff with medical care.

16.     This aforementioned violent attack on Plaintiff caused Plaintiff to sustain substantial physical and emotional injuries.

17.     During the entire encounter described above, Plaintiff was not armed and, Plaintiff did not verbally threaten or otherwise attempt to punch, kick, or grab any defendant.

18.     Plaintiff was in need of medical aid at the Anaheim Police Station.  Plaintiff had obvious physical injuries to his body, his face, and his arms that were visible.

19.     Defendants did not immediately report the use of force or provide medical assistance for Plaintiff as they were required to do.

20.     Although having actual and constructive notice and knowledge of Plaintiff's serious injuries and Plaintiff's need for immediate medical care, Defendants ignored Plaintiff's injuries and need for medical care.

21.     Defendants acted with deliberate indifference, and with the specific intent to cause Plaintiff harm by intentionally delaying Plaintiff's need for medical care.

22.     As a direct result of Defendants' wrongful detention and arrest, excessive force, failure to provide Plaintiff with appropriate medical care, and cover up, Plaintiff

**COMPLAINT FOR DAMAGES**

4

suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search & Seizure-Detention and Arrest (42 U.S.C. §1983)

### (Against Defendants CROMER and DOE OFFICERS)

23.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

24.     Defendants CROMER and DOES 1 through 15, inclusive, and each of them, detained and arrested Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.     The actions of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

26.     As a result of the conduct of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they both failed to intervene to prevent these violations.

27.      The conduct of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Cromer and DOES 1 through 15, inclusive, and each of them.

28.      Accordingly, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, are liable to Plaintiff   for compensatory and punitive damages under 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**

## SECOND CLAIM FOR RELIEF

### Unreasonable Search & Seizure-Excessive Force and Denial of Medical Care
### (42 U.S.C. §1983)
### (Against Defendants CROMER and DOE OFFICERS)

29.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

30.    The unjustified use of excessive force by Defendants CROMER and DOES 1 through 15, inclusive, and each of them, and the wrongful denial of medical care by Defendants CROMER and DOES 1 through 15, inclusive, and each of them, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.    The actions of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

31.    As a result of the conduct of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force and denial of medical care, or because they failed to intervene to prevent these violations.

32.    The conduct of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants CROMER and DOES 1 through 15, inclusive, and each of them.

33.    Accordingly, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**

6

### THIRD CLAIM FOR RELIEF

**Conspiracy to Violate Civil Rights (42 U.S.C. §1983)**

**(Against Defendants CROMER and DOE OFFICERS)**

34.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

35.    During the course of this incident, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, conspired to and in fact did deprive Plaintiff of his right to be secure in his person against unreasonable searches and seizures, and of his right to be free from state actions that shock the conscience, as guaranteed by the Fourth and Fourteenth Amendments.

36.    All rights of Plaintiff, as set forth, were violated by Defendants CROMER and DOES 1 through 15, inclusive, and each of them, by their wrongful use of excessive force, denial of medical care, and cover up, as more specifically set forth.

37.    On information and belief, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, agreed and conspired, and shared the same conspiratorial objective with each other to use excessive force against Plaintiff, purposefully disregard his medical needs, and covered up their misdeeds in violation of Plaintiff's constitutional rights.

38.    As a proximate result of Defendants' conspiracy to violate Plaintiff's constitutional rights, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

39.    The conduct of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants CROMER and DOES 1 through 15, inclusive, and each of them.

//

**COMPLAINT FOR DAMAGES**

7

40.    Accordingly, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)**

**(Against Defendants CITY and DOE SUPERVISORS)**

41.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

42.    On and for some time prior to July 5, 2016 (and continuing to the present date) Defendants CITY and DOE SUPERVISORS, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

(a)    Employing and retaining as Police Officers and other personnel, including Defendants CROMER and DOES 1 through 15, inclusive, and each of them, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force;

(b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers , and other CITY personnel, including Defendants CROMER and DOES 1 through 15, inclusive, and each of them, who Defendants

**COMPLAINT FOR DAMAGES**

8

CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants CROMER and DOES 1 through 15, inclusive, and each of them, who are CITY Police Officers; and,

(d)   By having and maintaining an unconstitutional custom and practice of using excessive force, denying injured suspects immediate medical care, and covering up police misconduct. These customs and practices by CITY and DOE SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

43.   By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

44.   Defendants CITY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

45.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well being of Plaintiff and his constitutional as well as human rights.  Defendants CITY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

**COMPLAINT FOR DAMAGES**

9

46. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

47. Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### Battery

### (Against Defendants CROMER and DOE OFFICERS)

48. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

49. Defendants CROMER and DOES 1 through 15, inclusive, and each of them, used physical force against Plaintiff without legal justification or excuse, knowing full well that Plaintiff had committed no crime, was unarmed and that he posed no threat to the officers or anyone else.

50. Defendants CROMER and DOES 1 through 15, inclusive, and each of them, intentionally, willfully and recklessly committed a battery on the person of Plaintiff, deliberately intending to cause severe injury to the person of Plaintiff by needlessly grabbing, shoving, and throwing him to the ground, and striking and punching him.

51. As a proximate cause of the unlawful battery by Defendants CROMER and DOES 1 through 15, inclusive, and each of them, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

52. The intentional and reckless acts of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, in committing a battery upon Plaintiff were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, therefore warrants the imposition of exemplary and punitive damages as to Defendants CROMER and DOES 1 through 15, inclusive, and each of them.

//

**COMPLAINT FOR DAMAGES**

10

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Against Defendants CROMER and DOE OFFICERS)

53.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

54.     Defendants CROMER and DOES 1 through 15, inclusive, and each of them, intentionally, willfully and recklessly committed a physical assault and battery on the person of Plaintiff, deliberately intending to cause severe injury to the person of Plaintiff.

55.     Defendants CROMER and DOES 1 through 15, inclusive, and each of them, committed these outrageous actions against Plaintiff although any reasonable person would have known such actions would cause Plaintiff severe emotional distress. Defendant's actions shock the conscience.

56.     Defendants CROMER and DOES 1 through 15, inclusive, and each of them, conduct caused Plaintiff extreme emotional and physical distress.

57.     As a result of their conduct, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

58.     The acts of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

59.     As a direct and legal result of Defendants CROMER and DOES 1 through 15, inclusive, and each of them, acts and omissions, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

**COMPLAINT FOR DAMAGES**

11

## SEVENTH CLAIM FOR RELIEF

### Negligence

### (Against Defendants CITY, CROMER and DOES 1 through 25, inclusive)

60.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

61.     By virtue of the foregoing, Defendants CROMER and DOES 1 through 15, inclusive, and each of them, owed Plaintiff a duty of due care, and that duty was breached by Defendants' negligence and failure to exercise due care in dealing with, using physical force against and falsely arresting Plaintiff.

62.     Defendants CITY and DOE SUPERVISORS possessed the power and authority to hire and fire employees of  the Anaheim Police Department and based upon information and belief and negligently hired Defendants CROMER and DOES 1 through 15, inclusive, and each of them, as police officers,  entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on  property to be arrested.

63.     By virtue of the foregoing, Defendants CITY and DOE SUPERVISORS owed Plaintiff a duty of due care, and that duty was breached by Defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things:

     a)     Failing to adequately train its officers in the use of force,  as well as constitutional limitations in the use of force;

     b)     Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not;

     c)     Failing to adequately investigate  background, training and experience as a officer and his propensity for violence;

//

//

**COMPLAINT FOR DAMAGES**

12

d)      Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

e)      Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers;

f)      Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers;

g)      Failing to discipline its officers who use excessive and unreasonable force; and,

h)      Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

64.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**COMPLAINT FOR DAMAGES**
13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants CITY, CROMER, and DOES 1through 25, inclusive, as follows:

1.      For compensatory damages in the amount to be proven at trial;

2.      For punitive damages against the individual defendants in an amount to be proven at trial;

3.      For interest;

4.      For reasonable costs of this suit and attorneys' fees; and,

5.      For such further other relief as the Court may deem just, proper, and appropriate.

Date: March 2, 2017          **THE LAW OFFICE OF KEVIN S. CONLOGUE**


By: _____
               Kevin S. Conlogue
               Attorney for Plaintiff, MICHAEL FOLEY

**COMPLAINT FOR DAMAGES**
14

## DEMAND FOR JURY TRIAL

Plaintiff  hereby demands a trial by jury.

Date: March 2, 2017                **THE LAW OFFICE OF KEVIN S. CONLOGUE**


By: _____

    Kevin S. Conlogue
    Attorney for Plaintiff, MICHAEL FOLEY

**COMPLAINT FOR DAMAGES**

15